*30 MEMORANDUM BY THE COURT
The plaintiff claims that it is entitled to be paid the sum of $8,666.11,[1] by the United States, which is 7y2 per cent on $116,882.24, the amount of work performed and materials furnished under a contract which it had with the United States.
A written contract was made between the plaintiff and the United States whereby the former agreed to furnish labor and materials and do work of construction and repair at Camp Grant, Rockford, Illinois, such as would be ordered from time to time in writing within six months from the date of the contract in accordance with the drawings and specifications to be furnished by the contracting officer and subject in every detail to his supervision, direction, and instruction. The contracting officer was authorized to make changes in the specifications, to issue additional instructions, require additional work, and direct omissions of work previously ordered. Provision was made for reimbursing the contractor for his actual net expenditures in the performance of the work. In addition to this reimbursement and as full compensation for its services it was to be paid a fee, *31 to be determined from a graduated schedule set forth in the contract. There was, however, a provision that the total fee should in no event exceed the sum of $15,000, “ anything in this agreement to the contrary notwithstanding.”
While the contract mentions no definite amount of work to be performed or materials to be furnished, yet the plaintiff insists that only $200,000 worth of work was to have been done; but in this the evidence does not bear it out. The facts are that it was told at the time the contract was executed by it that the work would amount at least to $200,000, and not until the work had actually exceeded that amount did the plaintiff take any steps to have the contract corrected as to the compensation which it had agreed to accept under the contract. The plaintiff interpreted the contradt to mean that it was to receive $15,000 for work done up to the amount of $200,000, and that if work was done over •that amount it was to receive in addition a percentage on the work done in excess of that amount. The contract provided a method for the interpretation of the contract if “any doubts or disputes shall arise as to the meaning or interpretation of anything in this contract.” Article XIY of the contract provided that such doubts or disputes should be referred to the officer in charge of cantonment construction for determination. And if the contractor should feel aggrieved by the decision of such officer it had the right to submit the same to the Secretary of War, whose decision was to be final and binding upon both parties to the contract.
The plaintiff did not proceed under this article of the contract. It relied upon the opinion of the officer in charge of the work; that officer had no authority to interpret the contract, and his opinion was worth no more than that of any other individual, and certainly can not be held to bind the Government.
The contract itself is plain and unambiguous.^ It fixed a maximum fee to be paid for work or expenditures ordered within the period covered by it, and the plaintiff is bound by its contract.
Graham, Judge,
took no part in the decision of this case.